<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GEORGE M. TILLMAN, JR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, *et al.*,<br><br>Defendants. | Civil Action No. 25-18690 (SDW) (AME)<br><br>**WHEREAS OPINION**<br><br>April 1, 2026 |

**WIGENTON**, District Judge.

   **THIS MATTER** having come before this Court upon *pro se* Plaintiff George Tillman, Jr.'s ("Plaintiff") Second Amended Complaint, (D.E. 12 ("SAC")); Motion for a Temporary Restraining Order ("TRO"), (D.E. 2); and accompanying application to proceed *in forma pauperis* (D.E. 5 ("IFP application")); and this Court having reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

   **WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(a)(1), (e)(2)(B); *see Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021); and

**WHEREAS** Plaintiff's application to proceed *in forma pauperis* sufficiently demonstrates that Plaintiff cannot pay the filing fee as Plaintiff has a low monthly income and is retired.  (D.E. 5 at 1–2); and

**WHEREAS** because "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), a party seeking a preliminary injunction must first establish (1) a likelihood of success on the merits and (2) that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief," *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  Only if the movant establishes these two factors does a court consider (3) whether granting preliminary injunctive relief will harm the nonmoving party or other interested persons and (4) the public interest.  *Reilly*, 858 F.3d at 178–79; and

**WHEREAS** Plaintiff brings suit against Defendants the City of Newark, Mayor Ras J. Baraka, various City councilpersons, members of the Mayor's staff, and other City employees. (D.E. 12 at 1.)  Plaintiff, a former employee of the City's Office of Affirmative Action, claims that after providing "recommendations to the administration regarding compliance failures and policy risks," Defendants engaged in retaliation, defamation, and constructively discharged him by creating a hostile and retaliatory work environment.  (D.E. 12 at 3–5); and

**WHEREAS** Plaintiff's Complaint asserts the following claims:  violation of his First Amendment and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Counts I, II, and III); municipal liability pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) (Count IV); whistleblower retaliation (Count V); constructive discharge (Count VI); and defamation (Count VII); and

**WHEREAS** pursuant to Federal Rule of Civil Procedure 8(a) ("Rule 8"), "[a] pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

**WHEREAS** *pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); and

**WHEREAS** this Court finds that Plaintiff's Complaint is comprised of conclusory statements and fails to even make out "threadbare recitals of the elements of a cause of action." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  For example, Plaintiff merely alleges that the "Defendants subjected him to retaliation, hostility, and public attacks," without alleging sufficient factual allegations to support such claims.  (D.E. 12 at 4.)  Similarly, Plaintiff asserts claims for constitutional violations and *Monell* liability but fails to specify any custom or policy or the precise constitutional injuries caused.  Thus, this Court finds that Plaintiff's Complaint does not comport with Rule 8(a)'s pleading requirements; and

**WHEREAS** because Plaintiff fails to state a claim upon which relief can be granted, it follows that Plaintiff has not established a likelihood of success on the merits.  *See Mallet*, 16 F.4th at 380; therefore

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; Plaintiff's Motion for a TRO is **DENIED**; and his Complaint is *sua sponte* **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff will be given thirty days to amend his Complaint; failure to do so may result in the matter being dismissed with prejudice.  An appropriate order follows.

                                        /s/ Susan D. Wigenton
                               **SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Parties
                  André M. Espinosa, U.S.M.J.